# Mead v. Sutton

*James D. McDonald, Jr.*, for plaintiff.
*Mark E. Mioduszewski*, for defendant.
*James J. Stuczynski*, for defendant.
*William V. Conley*, for the Commonwealth.

NYGAARD, *J.*, November 13, 1984—This case arises out of a motor vehicle accident which occurred on June 12, 1984, involving a station wagon driven by William Mead and a motorcycle operated by Donald Sutton. As a result of the accident, William Mead is the subject of a criminal prosecution by the Commonwealth of Pennsylvania. Michael Mead, the father of William Mead and the owner of the station wagon, has filed this civil action against Donald Sutton. Oral depositions have been scheduled for three persons present at the time of the accident. The Commonwealth of Pennsylvania sought to intervene and has also petitioned this court for a protective order postponing all depositions until the conclusion of the criminal trial of William Mead. Counsel for defendant in the civil action has joined orally in the Commonwealth's motion for the protective order. Both petitions have been denied. This opinion is filed, applicable to both.

First of all, the Commonwealth has neither alleged in their petition, nor is able to substantiate any reason why they should be permitted to intervene.

Pennsylvania Rules of Civil Procedure, Rule 2327, outlines four situations in which a person may be permitted to intervene. The first is wherein an entry of judgment in the action will impose liability upon the person for indemnification; the second is when such person is so situated as to be adversely affected by the distribution or disposition of property; the third is where such person could have joined or could have been joined as an original party; and the fourth is where the determination of such action will affect any legally enforceable interest of the person. The court finds that none of the four is apropos to the Commonwealth in this case. The court is convinced that it has been filed merely as a method by the Commonwealth to obtain a platform to oppose discovery. This brings us to the second motion submitted by the Commonwealth and joined by defense counsel in this civil matter.

The Commonwealth's motion for a protective order is based upon their premise that defendant in the criminal case has received all the discovery to which it would be entitled under the Rules of Criminal Procedure, Rule 305, which rule, it is claimed, would be subverted by discovery under the civil rules by plaintiff herein. At issue is whether plaintiff's right of discovery in this civil action can be restricted by the rules of criminal discovery. We conclude that it cannot.

The court is aware of the federal decisions which deny the criminal defendant the use of civil discovery techniques when there are parallel civil and criminal proceedings. To avoid the use of the civil discovery process, the federal courts have deferred civil discovery until the criminal matter is determined. U.S. v. $2,437.00 United States Currency, 36 FRD 257 (1964); United States v. Steffes, 35 FRD 24 (1964); United States v. Main Lobstermen

Association, 22 FRD 199 (1958); and United States v. Linen Supply Institute, Inc., 18 FRD 452 (1955). We do not. In U.S. v. $2,437.00 (supra p. 259), the court extended the time for taking of depositions until after the termination of the criminal action. The court believes that this procedure is seriously flawed. The appeals process is too long. It could be years before we have an ultimate determination on the criminal charges. The logic makes no sense at all. This delay would no doubt seriously jeopardize the pending civil action. A plaintiff's rights in a civil action cannot be prejudiced by the fact that he is the subject of a criminal prosecution. In this case, it is significant that defendant in the criminal action and plaintiff in the civil action are different. Defendant in the criminal action is William Mead, while plaintiff in the civil action is Michael Mead.

In paragraph 17 of their motion, the Commonwealth avers that "the protective order would preserve the limitation established under Rule 305 of the Pa.R.Crim.P. without prejudicing plaintiff in the present cause of action." While this court does not advocate the use of civil discovery to circumvent the strictures of Rule 305 of the Pa.R.Crim.P., we do feel strongly that judicial discretion and procedural flexibility must be used to harmonize the conflicting rules of criminal and civil discovery so as to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. A trial whether civil or criminal is a truth discovery process. The court believes that broader discovery only facilitates the search for truth.

In the comments to Pa.R.Crim.P. 305, we find a reference to the ABA standards relating to discovery and procedure before trial. Therein we can find nothing except that which militates for broader and more open discovery in both criminal and civil

cases. Accordingly, in the absence of a showing that the discovery would interfere with the "protection of persons, effective law enforcement, the adversary system, [or] national security," discovery will be permitted (Pa.R.C.P. Rule 305, comments).

Finally, the joinder by defendant herein changes nothing. The reasons used by the Commonwealth to justify protection do not entitle defendant herein to relief. See R.Civil P. 4011.